UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Richard Norman Bevan,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Kilolo Kijakazi[1], Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. 2:21-cv-01522-DJA<br><br>**Order** |

Before the Court is Plaintiff Richard Norman Bevan's motion for reversal or remand (ECF No. 17) and the Commissioner's cross motion to affirm (ECF No. 20) and response (ECF No. 21). Plaintiff filed a reply. (ECF No. 22). Because the Court finds that the ALJ's decision is supported by substantial evidence, it denies Plaintiff's motion to remand (ECF No. 17) and grants the Commissioner's cross motion to affirm (ECF No. 20). The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.    Background.**

　　*A.    Procedural history.*

Plaintiff filed an application for a period of disability, disability insurance benefits, and supplemental security income on March 20, 2018, alleging an onset of disability commencing March 1, 2018. (ECF No. 17 at 3). The Commissioner denied his claims and Plaintiff requested a hearing by an Administrative Law Judge. (*Id.*). The ALJ issued an unfavorable decision on February 3, 2021. (*Id.*). Plaintiff requested review by the Appeals Council, which request the Appeals Council denied on July 12, 2021, making the ALJ's decision the final agency decision. (*Id.*).

---

[1] Kilolo Kijakazi is now the Commissioner of Social Security and substituted as a party.

**B.     The ALJ decision.**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§404.1520, 416.920. (AR 185-96). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2018. (AR 187). At step two, the ALJ found that Plaintiff has the following severe impairments: bipolar disorder, anxiety, depression, osteoarthritis and tendonitis of the left shoulder, degenerative disc disease of the lumbar spine, and obesity. (AR 188). At step three, the ALJ found that the Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 188-89). In making this finding, the ALJ considered Listings 1.02B, 1.04, 1.00B2b, 12.04, 12.06. (AR 189-91).

At step four, the ALJ found that Plaintiff has a residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) subject to limitations. (AR 191). Those limitations include that Plaintiff is

> limited to only occasional reaching with the left, non-dominant upper extremity. He is limited to no more than frequent balancing, stooping, kneeling, crouching, and climbing of ramps and stairs. He is limited to only occasionally crawling. He cannot climb ropes, ladders, or scaffolds. He cannot work around unprotected heights. He is limited to understanding, remembering, and carrying out simple, routine, and repetitive tasks. He is able to use judgment on only simple work-related decisions. He is also limited to only occasional interaction with supervisors, coworkers, and the public.

(AR 21).

At step five, the ALJ found Plaintiff incapable of performing any past relevant work but that he could perform the jobs like material distributor, office helper, and bagger. (AR 195-96). Accordingly, the ALJ found that Plaintiff had not been disabled from March 1, 2018 through the date of the decision. (AR 196).

1.     The ALJ's decision regarding Plaintiff's subjective complaints.

In considering Plaintiff's symptoms, the ALJ applied the two-step process. (AR 191). At step one, the ALJ concluded that there are underlying medically determinable physical or mental impairments that could reasonably be expected to produce Plaintiff's pain or other symptoms.

(AR 191). At step two, the ALJ concluded that the evidence contained in the record did not support Plaintiff's allegations of totally incapacitating symptoms. (AR 194).

The ALJ noted that Plaintiff experienced mood swings, depression, anxiety, panic attacks, racing thoughts, hallucinations, social withdrawal, feelings of worthlessness and hopelessness, left shoulder pain, and back pain. (AR 191). The ALJ elaborated

> [Plaintiff's] back pain allegedly radiates to the left lower extremity. He allegedly has difficulty getting along with others, remembering and understanding information, following instructions, concentrating, using the left upper extremity, engaging in physical exertion, and performing postural activities. He allegedly needs to take breaks and change positions frequently throughout the day. His medications cause dry mouth.

(AR 191).

Regarding his mental impairments, the ALJ noted that Plaintiff's psychotropic medications were helpful in reducing his symptoms and improving his social functioning. (AR 192). Moreover, during the subject period, while the record occasionally reflected that Plaintiff was depressed, anxious, or emotionally labile or restricted, he generally presented normally. (AR 192). Plaintiff also was essentially independent in personal care, although he needed reminders, and could drive, go out alone, prepare meals, and do chores. (AR 192).

Regarding his left shoulder pain, the ALJ noted that, while diagnostic imaging showed degenerative changes in Plaintiff's left shoulder and Plaintiff's records documented painful or diminished range of motion in his left shoulder, his left upper extremity demonstrated normal motor function and strength. (AR 192). Plaintiff was not taking any pain medication and there was little evidence that any surgical intervention had been recommended. (AR 192). Moreover, Plaintiff testified that he could lift up to 40 pounds with his right upper extremity. (AR 192). The ALJ also pointed to Plaintiff's daily activities and independence as inconsistent with his complaints. (AR 192).

Regarding Plaintiff's back pain, the ALJ noted that diagnostic images demonstrated no more than mild to moderate degenerative changes. (AR 192). While Plaintiff complained of radicular symptoms in his left lower extremity, the record contained no relevant electrodiagnostic

findings and Plaintiff generally exhibited normal neurologic function.  (AR 192-93).  Plaintiff did not use an assistive device to ambulate and generally had a normal gait.  (AR 193).  He was not taking any pain medication and there was little evidence that aggressive treatment had been recommended.  (AR 193). The ALJ again pointed to Plaintiff's daily activities and independence as inconsistent with his complaints.  (AR 193).  The ALJ noted that,

> Given the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by his own medical sources.  Yet a review of the record in this case reveals no restriction recommended by his own medical sources.

(AR 193).

**II.    Standard.**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g).  *See Akopyan v. Barnhard*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g) states, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action…brought in the district court of the United States for the judicial district in which the plaintiff resides."  The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."  *Id.*  The Ninth Circuit reviews a decision of a District Court affirming, modifying, or reversing a decision of the Commissioner *de novo*.  *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005).  However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence.  *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).  Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record.  *Batson*, 359 F.3d at 1193.  When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation.  *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

**III.    Disability evaluation process.**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995).  To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  More specifically, the individual must provide "specific medical evidence" in support of her claim for disability.  20 C.F.R. § 404.1514.  If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy.  *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled.  *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required.  *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).  Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA").  20 C.F.R. § 404.1520(b).  SGA is defined as work activity that is both substantial and gainful; it involves

doing significant physical or mental activities usually for pay or profit. *Id*. § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's RFC, which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSR 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical

evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

Step five requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42

**IV.    Analysis and findings.**

    ***A.    The ALJ gave clear and convincing reasons for discounting Plaintiff's subjective complaints.[2]***

        1.    <u>The parties' arguments.</u>

Plaintiff argues that the reasons the ALJ gave for discounting Plaintiff's subjective complaints were not clear and convincing. (ECF No. 17 at 9). He asserts that that ALJ

---

[2] Plaintiff also argued that the Court should remand because former Commissioner Andrew Saul's appointment and the removal procedures to which he was subject were unconstitutional. (ECF No. 17 at 1-9). Plaintiff withdrew that argument in reply. (ECF No. 22). Plaintiff's only remaining argument is that the ALJ did not give clear and convincing reasons for discounting Plaintiff's subjective complaints.

improperly found that the extent of his daily activities was inconsistent with his complaints, while ignoring therapy notes showing his difficulty with bathing, dressing, reaching, and sleeping. (*Id.* at 10). Plaintiff asserts that the ALJ did not show a nexus between Plaintiff's ability to engage in his daily activities and his ability to work. (*Id.* at 11). Regarding his treatment, Plaintiff argues that the ALJ made his treatment sound more conservative than it was. (*Id.*). Plaintiff asserts that he received multiple injections in his shoulder and discussed surgery with his physicians. (*Id.*). Regarding the ALJ's assertion that Plaintiff's treating physicians did not place any restrictions on him, Plaintiff asserts that their medical records were not purposed for Plaintiff's disability determination, and thus, they were under no obligation to impose restrictions. (*Id.* at 11-12). Finally, Plaintiff argues that the ALJ did not explain which evidence contradicted which testimony, meaning that the ALJ failed to establish clear and convincing reasons. (*Id.* at 12).

        The Commissioner responds that the ALJ gave sufficient reasons for discounting Plaintiff's statements. (ECF No. 20 at 13). The Commissioner argues that the ALJ did not completely reject Plaintiff's testimony but found that his testimony was not entirely consistent with other evidence in the record. (*Id.* at 14). The Commissioner argues that the ALJ pointed out the portions of the record that were consistent with Plaintiff's testimony, and "accepted that Plaintiff's functional abilities were significantly limited by his impairments, but given Plaintiff's vocational factors, those limitations did not direct a finding of total disability." (*Id.* at 14). The Commissioner points out where the ALJ noted normal findings in the record that contrasted with Plaintiff's allegations of pain. (*Id.* at 15). And the ALJ's use of conservative treatment was sufficient under Ninth Circuit case law to reject Plaintiff's allegations, the Commissioner argues. (*Id.* at 16). Regarding Plaintiff's daily activities, the Commissioner argues that Plaintiff's physical therapy notes demonstrating difficulties do not change that Plaintiff's daily activities are inconsistent with his allegations. (*Id.* at 16-17). The Commissioner concludes that the ALJ's consideration that none of Plaintiff's providers placed any restrictions on him was rational. (*Id.*). And if it was improper, the Commissioner argues that it was only one reason of many other proper reasons the ALJ gave to discount Plaintiff's testimony. (*Id.*).

Plaintiff replies that the Commissioner's first argument—that the ALJ discounted Plaintiff's complaints because they were not supported by objective evidence—is not sufficient to form the basis for the ALJ's credibility determination. (ECF No. 22 at 4-5). Regarding his daily activities, Plaintiff argues that his activities are minimal and do not undermine his complaints. (*Id.* 3). He adds that the ALJ erred by not identifying more aggressive treatment options available to Plaintiff when using Plaintiff's conservative treatment to discount his symptoms. (*Id.* at 4). Plaintiff emphasizes that it is not the function of treating physicians to fashion disability restrictions, but to treat their patients. (*Id.*).

### 2. Analysis.

An ALJ engages in a two-step analysis to determine whether a plaintiff's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) *superseded on other grounds by* 20 C.F.R. § 404.1502(a) (internal quotation marks omitted). "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citations omitted).

Second, "[i]f the [plaintiff] meets the first test and there is no evidence of malingering, the ALJ can only reject the [plaintiff's] testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the [plaintiff's] complaints." *Id.* Further, "[w]hile an ALJ may find testimony not credible in part or in whole, he or she may not disregard it solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

The Ninth Circuit recognized the clear and convincing evidence standard to be "the most demanding required in Social Security cases" and "not an easy requirement to meet." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014). An ALJ's failure to provide "specific, clear and convincing reasons" for rejecting a plaintiff's pain and symptom testimony constitutes legal error that is not harmless because it precludes a court from conducting a meaningful review of the ALJ's reasoning and ensuring that the plaintiff's testimony is not rejected arbitrarily. *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). In making an adverse credibility determination, the ALJ may consider, among other factors: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and her conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002).

The Court finds that the ALJ gave clear and convincing reasons for determining that Plaintiff's testimony was not entirely consistent with the medical evidence. While Plaintiff argues that the ALJ improperly ignored Plaintiff's physical therapy notes documenting difficulty moving his shoulder, but emphasized Plaintiff's daily activities, the ALJ's decision expressly acknowledges these notes.[3] The ALJ explains that Plaintiff had "significant tendinosis with large osteophytes, high-grated chondral loss, and degenerative labrum tearing." (AR 192). The ALJ went on to explain that "[t]he treatment records also documented painful or diminished range of motion in the left shoulder." (AR 192). The ALJ then contrasted these notes with Plaintiff's daily activities, which indicated that, although Plaintiff was somewhat limited, he could still independently take care of himself, do chores, prepare meals, mow a lawn, and take care of pets. (AR 192). The ALJ also contrasted the notes showing Plaintiff's difficulty moving with notes that demonstrated that Plaintiff had normal motor function and strength in his left upper extremity and little evidence of swelling, deformities, neurologic defects, or atrophy. (AR 192).

---

[3] The parties confine their arguments to the ALJ's discussion of Plaintiff's physical condition, rather than his mental health. The Court thus does not reach Plaintiff's mental health.

Plaintiff's next argument, that the ALJ improperly considered Plaintiff's treatment as conservative, also fails. While Plaintiff argues that "[t]reatment has not been as conservative as the ALJ has characterized," Plaintiff does not explain why injections in his left shoulder and a discussion of surgery on his shoulder rise above conservative treatment. This explanation is particularly absent where Plaintiff has conceded that he takes no pain medication.

Plaintiff's argument that Plaintiff's providers were not in a position to place disability restrictions on him is persuasive, but not determinative. While the Court agrees that Plaintiff's care providers were not required to opine on his disability restrictions, the ALJ did not rely on this observation in deciding that Plaintiff's testimony was less than credible. Instead, this observation only forms a small portion of the ALJ's analysis. (AR 193). Moreover, the Commissioner cites Ninth Circuit authority that, where an ALJ provides an invalid reason for disbelieving a claimant's testimony alongside a valid reason for doing so, that error is harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

Finally, Plaintiff's argument that the ALJ did not explain which evidence contradicted which testimony is unpersuasive. The ALJ began with an explanation of Plaintiff's testimony and complaints and then outlined the evidence that contradicted that testimony. While the ALJ did not put the testimony and the evidence which contradicted it side-by-side, that does not constitute the "general findings" that Plaintiff asserts the ALJ made. The Court thus finds that the ALJ gave clear and convincing reasons for finding Plaintiff's testimony inconsistent with the record and thus not entirely credible.

/ / /

/ / /

/ / /

/ / /

**IT IS THEREFORE ORDERED** that Plaintiff's motion for remand (ECF No. 17) is **denied.**

**IT IS FURTHER ORDERED** that the Commissioner's cross motion to affirm (ECF No. 20) is **granted**. The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: August 31, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE